UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM E. DOUGLAS,<br><br>                    Plaintiff,<br>-against-<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>                    Defendant. | Case No. 3:25-3822-JFA |

### FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff William E. Douglas ("Plaintiff"), by his attorneys, Shavitz Law Group, P.A. and Morgan and Morgan, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit for (i) unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), (ii) wages under the South Carolina Payment of Wages Acts, South Carolina Code Ann, § 41-10-10, *et seq*. ("SCPWA" or "South Carolina Act"), and in the alternative (iii) for unjust enrichment under South Carolina common law, as well as declaratory relief and all other relief this Court deems just and proper against Defendant Publix Super Markets, Inc. ("Defendant" or "Publix").

2. As more fully described below, during the relevant time periods, Publix failed to pay Plaintiff, who was an hourly paid employee, for all hours it suffered/permitted him to work for Publix, including all overtime hours.

## THE PARTIES

*Plaintiff*

3. Plaintiff William E. Douglas is a citizen and resident of Columbia, South Carolina.

4. Plaintiff worked for Publix as a non-exempt, hourly-paid Assistant Department Manager from approximately 2007 to June/July 2022 and from approximately February 2023 to January 1, 2024, at Publix stores in Columbia, South Carolina and Lexington, South Carolina.

5. From June 10, 2021, through approximately January 1, 2024 ("FLSA Relevant Time Period"), Plaintiff was an "employee" of Publix within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6. On June 10, 2024, Plaintiff filed a consent to join form in the matter of *Roberts, et al. v. Publix Super Markets, Inc.* (Case No. 8:23-CV-02447-WFJ-CPT).[1]

*Defendant*

7. Publix Super Markets, Inc. is a Florida corporation with its principal place of business in Lakeland, Florida.

8. Publix operates supermarkets in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

---

[1] Plaintiff filed a Consent to Join form on June 10, 2024, in the putative collective action *Roberts, et al. v. Publix Super Markets, Inc.*, 8:23-cv-02447-WFJ-CPT (M.D. Fla.). By Order on January 15, 2025, Plaintiff's statute of limitations was tolled for 60 days until April 15, 2025, to provide the opportunity for Plaintiff to refile. *Id.*, Docs. 165 and 175. Thus, the three-year statute of limitations for Plaintiff's FLSA claims reach back to June 10, 2021.

9. During the FLSA Relevant Time Period, Publix was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. During the FLSA Relevant Time Period, Publix employed Plaintiff within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq*.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims under South Carolina law which are based on the same common nucleus of operative facts as Plaintiff's federal claims.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff worked for Publix within this District and a substantial portion of the facts giving rise to this action occurred within this District.

15. At all times material to this Complaint, the Publix was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

16. Publix annual gross receipts for the three years preceding the filing of Plaintiff's consent form in *Roberts* and this lawsuit exceeded $500,000.00.

## FACTUAL ALLEGATIONS

- 3 -

17. Plaintiff was employed by Publix as an Assistant Department Manager in its grocery and meat department in its grocery stores in Columbia, South Carolina and Lexington, South Carolina.

18. During the FLSA Relevant Time Period, Publix classified Plaintiff as a non-exempt employee under the FLSA who must be paid overtime compensation for hours work over 40 in a workweek.

19. During the FLSA Relevant Time Period, Publix paid Plaintiff an hourly rate of pay as an Assistant Department Manager.

20. During the FLSA Relevant Time Period, Publix has used physical timeclocks located inside its grocery stores to record hourly paid employees' hours worked, including Plaintiff's hours worked.

21. During the FLSA Relevant Time Period, Publix did not provide Plaintiff a method by which he could record hours worked outside his assigned Publix store.

22. While working at Publix, Plaintiff was scheduled to work a specific number of hours each workweek.

23. Publix intended for Plaintiff and other hourly paid employees to work a specific number of targeted hours each week so that it could stay within its targeted budgeted hours each week for his assigned store.

24. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff was scheduled to work a target number of regular and overtime hours each workweek.

25. During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff exceeded the overtime hours he was permitted or targeted to work during a workweek,

his name would be flagged as an employee who was exceeding the targeted overtime hours on the schedule.

26. It was not a positive work metric to be a Publix employee exceeding the overtime hours scheduled or targeted for you at Publix.

27. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff could not complete the work required by Publix during the number of hours allotted to him on the Publix schedule.

28. During the FLSA Relevant Time Period as an Assistant Department Manager, if Plaintiff did not complete the work he was assigned to perform, he could be subjected to adverse employment actions.

29. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff worked off-the-clock prior to clocking in at the start of his shift and after clocking out at the end of his shift while inside his assigned Publix store, on required tasks including walking the department with supervisors, cleaning, organizing, stocking, and assisting customers, without pay.

30. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff's unpaid meal breaks were interrupted by work and Plaintiff was not paid for this time even though his lunch break was interrupted with work.

31. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff performed work off-the-clock outside his assigned Publix store picking up goods from other Publix locations and communicating with co-workers and supervisors via telephone calls and text messages about work-related matters including, but not limited to, scheduling, staffing, operations, goods and supplies, and customers.

32. During the FLSA Relevant Time Period as an Assistant Department Manager, Plaintiff estimates that he worked on average 3 to 5 hours per week (off-the-clock) performing the tasks above in Paragraphs 29-31 without pay.

33. During the FLSA Relevant Time Period as an Assistant Department Manager, Publix suffered or permitted, as defined by the FLSA, Plaintiff to work without pay.

34. Publix had a duty to maintain accurate time records for Plaintiff and failed to do so in violation of the FLSA.

35. Publix knew or should have known, as defined by the FLSA, that Plaintiff worked unpaid hours because Publix's supervisors and managers observed, witnessed and permitted off-the-clock work by Plaintiff.

36. Publix's actions were willful and Publix did not act in good faith in compliance with the FLSA.

37. Publix offered and Plaintiff accepted to be paid an hourly rate of pay for Plaintiff's work at Publix, including his work as an Assistant Department Manager.

38. Publix promised to pay Plaintiff for work performed as an Assistant Department Manager at an hourly rate.

39. Publix accepted and retained work performed by Plaintiff for which it did not pay.

40. Publix did not pay Plaintiff for all the hours of work he performed during non-overtime hour weeks (i.e., workweeks of less than 40 hours a week).

41. Plaintiff reasonably expected to be paid for the work he performed by Publix as an employee.

42. Publix benefited from the work Plaintiff performed off-the-clock and without pay.

43. Publix was unjustly enriched by the work Plaintiff performed off-the-clock and without pay.

44. Publix's failure to pay Plaintiff wages, including overtime wages, was inequitable and due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of its operations.

**FIRST CAUSE OF ACTION**
**FLSA – Unpaid Overtime Wages**

45. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-44 as though fully set forth herein.

46. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

47. During the FLSA Relevant Time Period, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. During the FLSA Relevant Time Period, the overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Publix.

49. During the FLSA Relevant Time Period, Publix is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. During the FLSA Relevant Time Period, Plaintiff was an employee of Publix within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. During the FLSA Relevant Time Period, Publix has failed to pay Plaintiff all overtime wages to which he was entitled under the FLSA.

52. Publix's violations of the FLSA have been willful and intentional.

53. Because Publix's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

54. As a result of Publix's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55. As a result of the unlawful acts of Publix, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of liquidated damages, attorneys' fees and costs, as well as declaratory relief.

**SECOND CAUSE OF ACTION**
**Violation of South Carolina Payment of Wages Act**
**(SC. Code 41-10-10, *et. seq*.)**

56. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-44 as though fully set forth herein.

57. At all relevant times, Publix has employed, Plaintiff within the meaning of the South Carolina Payment of Wages Act, S.C. CODE ANN. §§ 41-10-10 to 110. Plaintiff is an "employee" within the meaning of the South Carolina Act and is not free from the control and direction of Publix.

58. Publix is an "employer" as defined by the South Carolina Act, S.C. CODE ANN. § 41-10-10(1), because they employ individuals in the State of South Carolina.

59. Pursuant to S.C. CODE ANN. § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law."

60. "Wages" means "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis." S.C. CODE ANN. § 41-10-10(2).

61. Publix did not pay Plaintiff all wages due to him for non-overtime hours as a result of the illegal work off-the-clock.

62. Accordingly, Plaintiff is entitled to receive all compensation of non-overtime "wages" due and owing to him.

63. Publix willfully failed to pay Plaintiff all "wages," and withheld such wages as defined in section 41-10-10(2) of the South Carolina Act for all work performed, according to the law.

64. Publix has withheld wages of Plaintiff without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

65. As a direct and proximate result of Publix's willful conduct, Plaintiff has suffered substantial losses and has been deprived of non-overtime compensation to which he is entitled, including monetary damages in the amount of three (3) times the amount of his unpaid wages as well as costs and reasonable attorneys' fees pursuant to S.C. CODE ANN. § 41-10-80 of the South Carolina Act.

**THIRD CAUSE OF ACTION**
**State Law – Unjust Enrichment**

66. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-44 as though fully set forth herein.

67. This Third Cause of Action is brought in the alternative to the Second Cause of Action Violation of South Carolina Payment of Wages Act (SC. Code 41-10-10, *et. seq.*)

68. Plaintiff was employed by Publix within the meaning of South Carolina common law.

69. Publix has been unjustly enriched by benefiting from Plaintiff's work while consistently failing to pay him for all hours that he worked.

70. Plaintiff conferred a benefit upon Publix by performing illegal off-the-clock work.

71. Publix accepted and derived value from Plaintiff's labor and services.

72. Publix has retained the benefit of such work provided by Plaintiff.

73. Publix is obligated to pay Plaintiff for all hours that he worked.

74. It would be inequitable and unjust for Publix to retain the benefit of such work without paying Plaintiff for its value.

75. As a direct and proximate result of Publix's unjust enrichment, Plaintiff has suffered an injury and is entitled to all appropriate relief including his unpaid wages and compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid overtime wages pursuant to the FLSA;

B. Liquidated damages in an amount equal to his unpaid overtime wages pursuant to the FLSA;

C. Unpaid wages and compensatory damages in the form of back pay for all unpaid non-overtime wages due, together with treble damages pursuant to the South Carolina Payment of

Wages Act;

      D.      Declaratory relief;

      E.      Attorneys' fees and costs pursuant to the FLSA; and

      F.      Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 6, 2025.

                                                              */s/Joseph Sandefur*
Joseph Sandefur, Esq.
SC Bar No.:75310 FED Bar No.: 10238
**MORGAN AND MORGAN, P.A.**
11915 Plaza Drive, Ste. 301
Murrells Inlet, SC 29576
(843) 973-5196
jsandefur@forthepeople.com

Andrew Frisch, Esq.*
**MORGAN AND MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
(954) 318-0268
afrisch@forthepeople.com

Ryan Morgan, Esq. *
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com

*Attorneys for Plaintiff*

*To apply for admission *pro hac vice.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 6th day of May 2025, this document was filed via CM/ECF, and will be delivered electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/*Joseph Sandefur*
Joseph Sandefur, Esq.
